UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Unity School District,
    Plaintiff

    v.                                  Case No. 15-cv-155-SM
                                      Opinion No. 2018 DNH 037
Vaughn Associates, Inc.,
and Scott Vaughn,
    Defendants

    v.

School Administrative Unit #6,
Excel Mechanical, Inc.,
Superior Walls of Hudson Valley, Inc.,
and Town of Unity,
    Third-Party Defendants

**O R D E R**

In 2010, the Unity School District entered into two contracts with Vaughn Associates and its principal, Scott Vaughn (collectively, "Vaughn"), to design and oversee construction of a new elementary school in Unity, New Hampshire. Things did not go as planned. What was originally expected to be a $4.7 million project ballooned into one exceeding $9 million. Prior to the project's completion, the contracts between Unity School District and Vaughn were terminated and the School District secured the services of a new architect and a new construction manager. Construction was completed and the school eventually

opened - nearly two years later than planned and at a cost almost twice that which was originally budgeted.

Perhaps not surprisingly, the school district brought this action against Vaughn, advancing claims of architectural malpractice, breach of contract, negligent misrepresentation, and unfair and deceptive trade practices in violation of New Hampshire's Consumer Protection Act. Vaughn, in turn, brought third-party claims against several defendants, including Excel Mechanical Systems. But, Excel failed to answer, plead, or otherwise defend. Accordingly, the court entered default against it.

Eventually, Vaughn settled the claims advanced against it by the Unity School District. Vaughn then moved the court to enter default judgment against Excel, in the amount of $1.3 million. Counsel appeared on behalf of Excel and now moves the court to strike the entry of default. For the reasons discussed, that motion is granted.

## Background

The material facts are undisputed. In June of 2015, William Souza, the president and owner of Excel, was served with Vaughn's third-party complaint and immediately forwarded it to

2

corporate counsel, Michael Murphy, Esq.  Although Murphy agreed to represent Excel in this matter, he neglected to file an appearance or otherwise plead.  After Souza learned that a default had been entered against Excel, he confronted Murphy, who assured him that he was working on getting the default lifted.  See Email from Murphy to Souza (dated June 16, 2016) (document no. 106-8) (assuring Souza that he was "finalizing" a motion to vacate the entry of default and expected to file it the following week).  Subsequently, Murphy (falsely) represented to Souza that Vaughn wished to settle its claims against Excel, but Murphy counseled against settlement, saying Vaughn's claims were weak (thus conveying the false impression that he had cured the default and litigation was proceeding apace).

So, in February of 2017, believing that the default had been set aside and the case was on a typical trajectory toward trial, Souza dutifully appeared for his deposition and was examined by Vaughn's counsel.  When counsel asked Souza if he was aware that Excel was in default, Souza replied that he was not.  See Deposition of William Souza (document no. 117-2) at 8-9.  Immediately after his deposition, Souza spoke with Murphy about the default.  Murphy assured him that it was "just a paper issue" and that he would take care of it.  Souza says that because Murphy had ably represented the company for 15 years,

3

and because he had been a personal friend of the family for 30 years, he had no reason to doubt that Murphy would resolve the issue.

In May of 2017, the default remained and Vaughn filed a motion for the entry of default judgment against Excel. Then, in October of 2017, the Massachusetts Board of Bar Overseers contacted Souza (a professional misconduct investigation into Attorney Murphy's practices was underway). Souza says a BBO representative informed him that Excel needed to secure the services of a new attorney. According to Souza, "until that time, I thought, based on the representations of Attorney Murphy and the pending BBO investigation against him, that the matter was being rectified. Excel promptly retained new counsel." Souza Affidavit (document no. 117-1) at para. 17. Less than a month later, counsel appeared on behalf of Excel and filed the pending motion to strike the entry of default.

**Discussion**

Rule 55(c) of the Federal Rules of Civil Procedure provides that the court may "set aside an entry of default for good cause." In determining whether a movant has shown good cause, the court considers the totality of the circumstances, see,

e.g., <u>Coon v. Grenier</u>, 867 F.2d 73, 76 (1st Cir. 1989), including the following factors:

>    (1) whether the default was willful;
>    (2) whether setting it aside would prejudice the adversary;
>    (3) whether a meritorious defense is presented;
>    (4) the nature of the defendant's explanation for the default;
>    (5) the good faith of the parties;
>    (6) the amount of money involved; [and]
>    (7) the timing of the motion [to set aside entry of default].

<u>KPS & Assocs. v. Designs by FMC, Inc</u>. 318 F.3d 1, 12 (1st Cir. 2003) (quoting <u>McKinnon v. Kwong Wah Restaurant</u>, 83 F.3d 498,503 (1st Cir.1996)).

Here, virtually all (if not all) of the relevant factors counsel in favor of granting Excel's motion to vacate the entry of default. First, its default can hardly be said to have been willful – indeed, Souza attended his deposition, he never gave any indication that he planned to do anything other than defend the action of its merits, and never showed disrespect toward the court or its authority. <u>See, e.g.</u>, <u>Snyder v. Talbot</u>, 836 F. Supp. 26, 29 (D. Me. 1993) (citing <u>Shepard Claims Service, Inc. v. William Darrah & Associates</u>, 796 F.2d 190, 194 (6th Cir. 1986)). Default was entered against Excel because counsel failed to file an appearance and then repeatedly lied to Excel

5

about that fact.  Second, notwithstanding Vaughn's vague claims of prejudice, setting aside the default would not prejudice it. Excel has represented that it has maintained all relevant records of its work on the Unity School District elementary school and there is no suggestion that any relevant witnesses have died or moved out of reach of the court's subpoena power.

Also relevant is the fact that Excel has articulated viable defenses to the various claims Vaughn advances against it.  See Excel's Memorandum (document no. 106-1) at 9-14.  See also Excel's Reply Memorandum (document no. 117) at 7-9. Additionally, Excel's explanation for the default is entirely plausible and the amount of money at issue is substantial: in excess of $1.3 million.  Finally, Excel appears to have acted promptly in retaining new counsel and seeking to vacate the entry of default, after the BBO examiner contacted Souza and told him that Excel needed to retain new counsel.

## Conclusion

For the foregoing reasons, as well as those set forth in Excel's legal memoranda, the court concludes that Excel has shown good cause to set aside the entry of default.  Given the unique circumstances of this case, setting aside the default is fair, just, and reasonable.  It is also consistent with both the

provisions of Rule 55 and the general preference to resolve parties' disputes on the merits. See generally Coon, 867 F.2d at 76 ("Allowing an entry of default to be set aside on a showing of reasonable justification is in keeping both with the philosophy that actions should ordinarily be resolved on their merits, and with the command of the Civil Rules themselves.") (citations omitted).

Accordingly, Excel's Motion to Strike or Vacate the Entry of Default (document no. 106) is granted and the default is set aside.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 23, 2018

cc: George T. Dilworth, Esq.
    Keriann Roman, Esq.
    Demetrio F. Aspiras, III, Esq.
    Melissa A. Hewey, Esq.
    Kenneth B. Walton, Esq.
    Lindsey D. Smith, Esq.
    Jason P. Rogers, Esq.
    Michael P. Sams, Esq.
    Matthew V. Burrows, Esq.
    Samantha D. Elliott, Esq.
    Andrew B. Livernois, Esq.