UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Unity School District,
     Plaintiff

   v.                                    Case No. 15-cv-155-SM
                                         Opinion No. 2020 DNH 017
Vaughn Associates, Inc.,
and Scott Vaughn,
     Defendants

   v.

School Administrative Unit #6,
Excel Mechanical, Inc.,
Superior Walls of Hudson Valley, Inc.,
a/k/a Superior Walls by Weaver Northeast,
a/k/a Superior Walls of the Northeast, LLC,
and Town of Unity,
     Third-Party Defendants


**O R D E R**


In 2010, the Unity School District hired Vaughn Associates and Scott Vaughn (collectively, "Vaughn") to design and oversee construction of a new elementary school in Unity, New Hampshire. The project did not proceed as the School District had envisioned. Construction was beset with delays and forced work stoppages (by, for example, the state fire marshal). Costs ballooned from the $4.7 million that Vaughn had promised to more than $9 million. Eventually, Vaughn's contracts with the School District were terminated and the School District sued Vaughn for

damages.  Those claims were settled and, in April of 2017, the School District's suit against Vaughn was dismissed.  See Stipulation of Dismissal (document no. 100).

At that point, what remained were Vaughn's third-party claims against two subcontractors on the project: Excel Mechanical, Inc., and Superior Walls of the Hudson Valley, Inc. By order dated November 19, 2019, the court granted Excel's motion for summary judgment on all of Vaughn's third-party claims against it.  So, the sole remaining claims are those Vaughn asserts against Superior Walls of the Hudson Valley, Inc. ("Superior Walls").

Pending before the court is a motion to dismiss, filed by Superior Walls by Weaver Northeast ("Weaver Northeast").  As the court just noted, Vaughn's third-party claims are against Superior Walls.  Weaver Northeast is never mentioned in the body of the third-party complaint, nor is any wrongdoing attributed to it.  But, in the complaint's caption, Vaughn listed Weaver Northeast as an alternate name under which Superior Walls also does business.  That is, Vaughn's third-party complaint names as the third-party defendant "Superior Walls of the Hudson Valley, Inc., a/k/a Superior Walls by Weaver Northeast."  Third Party Complaint (document no. 8) (emphasis supplied).

2

But, says Weaver Northeast, it is not an alias or an "a/k/a" of the third-party defendant Superior Walls. Instead, it claims to be an entirely separate and distinct legal entity. And, as such, it says it was entitled to proper service of process and notice of these proceedings. According to Weaver Northeast, it was never properly served as a third-party defendant in this action and, therefore, it moves to dismiss all of Vaughn's claims against it. Vaughn objects.

**Discussion**

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not properly made. And, "once challenged, plaintiffs have the burden of proving proper service." Rivera-Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992). When service of process is properly challenged, "[a] return of service generally serves as prima facie evidence that service was validly performed." Blair v. City of Worcester, 522 F.3d 105, 111 (1st Cir. 2008).

Initially, the court notes that Weaver Northeast has not made a serious effort to call into question whether it was entitled to separate service of process and, if so, whether the service Vaughn actually made was proper. To be sure, in its

3

motion, Weaver Northeast makes numerous factual claims about its independent corporate status and the alleged lack of authority of various individuals to accept service on its behalf. It has not, however, supported any of those claims with affidavits or exhibits. Consequently, there is no evidence in the record that Weaver Northeast is, as it claims, "an entirely separate business entity from Superior Walls." Motion to Dismiss (document no. 150) at 1. See generally A.T. through Travis v. Newark Corp., No. 4:16-CV-448-SNLJ, 2017 WL 5070421, at *2 (E.D. Mo. Nov. 3, 2017). See also Peavy v. Labor Source, No. 15-2633-JAR, 2015 WL 4617419 (D. Kan. July 31, 2015) (defendant moved to dismiss for improper service, claiming it was not a "d/b/a" of another defendant and was, therefore, entitled to separate service of process – claims it supported with affidavits addressing relevant disputed factual matters). Nor, in the alternative, has Weaver Northeast requested an evidentiary hearing on the matter. See generally Blair, 522 F.3d at 111 ("factual disputes regarding agency [that is, authority of individuals to accept service of process] should typically be resolved only after a live hearing.").

In response to Weaver Northeast's motion, Vaughn claims that it served "Superior Walls of the Hudson Valley, Inc., a/k/a Superior Walls by Weaver Northeast," at its place of business in

Poughkeepsie, New York, on July 7, 2015.  Process was accepted by Karen Ackert, wife of Superior Walls' CEO.  <u>See</u> Return of Service (document no. 23).  <u>See also</u> Affidavit of Counsel (document no. 31).  Three months later, Vaughn appears to have again made service upon the named third-party defendant by personally serving Arthur Ackert, CEO of Superior Walls.  <u>See</u> Proof of Service (document no. 33).  <u>See generally</u> <u>Blair</u>, 522 F.3d at 111.

Of course, if Weaver Northeast is a separate legal entity distinct from Superior Walls, then evidence of Vaughn's service upon Superior Walls is entirely beside the point.  Yet, nowhere in its objection does Vaughn clearly and supportably state that it properly served a legal entity known as Weaver Northeast.  Nor, on the other hand, has Vaughn presented evidence in support of its "belief" that Weaver Northeast is simply another name for Superior Walls, and not a distinct legal entity unto itself.

Moreover, given Vaughn's position that Superior Walls and Weaver Northeast are the same entity, it is unclear why Vaughn even mentioned Weaver Northeast in the caption of its complaint. Vaughn specifically states that the <u>only</u> entity with which it ever had dealings was one calling itself Superior Walls.

> To be clear, at the time of the alleged conduct that forms the basis of Vaughn's third party claims against Superior Walls, <u>Vaughn was dealing with the entity named "Superior Walls of the Hudson Valley."</u> However, at the time that Vaughn filed the Third Party Complaint, Vaughn found sufficient evidence that these names all referred to the <u>same entity</u> and that <u>they still do</u>.

Vaughn's Opposition Memorandum (document no. 154) at 5 (emphasis supplied). If that is accurate, it would seem that naming and properly serving Superior Walls was sufficient. In other words, if, as Vaughn claims, the names used in the third-party complaint – that is, Superior Walls and Weaver Northeast – both refer to the same legal entity (Superior Walls), then it appears that that entity has been properly served. It is unclear why (or even how) Vaughn would make separate service of process on Superior Walls' "alias" or its "a/k/a" other than by service on Superior Walls itself.[1]

It is impossible to tell from the record whether Weaver Northeast is a separate legal entity that was entitled to proper service of process (as Weaver claims) and, if so, whether Vaughn

---

[1] Based on Vaughn's position that Superior Walls and Weaver Northeast are the <u>same legal entity</u>, it does not appear that Vaughn is naming separate, but related, legal entities with a view toward piercing corporate veils or imposing liability on corporate alter egos, should Superior Walls be found liable, but have insufficient assets to pay any damages award. Given the state of the parties' briefs, however, it is difficult to draw any conclusions with confidence.

6

properly served that entity.  Nor is it possible to determine whether Weaver Northeast is simply another name under which Superior Walls operates (as Vaughn claims).

### Conclusion

The arguments and contentions on both sides are convoluted and insufficiently supported.  Weaver Northeast's motion to dismiss for lack of proper service of process is denied.  But, because the court cannot conclude that Vaughn has properly served all defendants entitled to such service, the motion is denied without prejudice to renewing, with appropriate legal and factual support (provided, of course, that such a motion can be filed in good faith).

Parenthetically, the court notes that, like Vaughn's third party claims against Excel, the claims asserted against Superior Walls seem to lend themselves to relatively straight-forward resolution on summary judgment.  The third-party defendant(s) have chosen to focus on the issue of service of process, as is their prerogative.  But, a more efficient and cost-effective resolution to this long-lingering dispute may be found in considering the merits of Vaughn's claims.

Superior Walls by Weaver Northeast's motion to dismiss for lack of proper service (document no. 150) is denied, albeit without prejudice.

**SO ORDERED.**

                                                          Steven J. McAuliffe
                                                         United States District Judge

February 5, 2020

cc: All Counsel of Record