UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Unity School District,
        Plaintiff

        v.                                    Case No. 15-cv-155-SM
                                              Opinion No. 2020 DNH 062
Vaughn Associates, Inc.,
and Scott Vaughn,
        Defendants

        v.

Superior Walls of Hudson Valley, Inc.,
        a/k/a Superior Walls by Weaver Northeast,
        a/k/a Superior Walls of the Northeast, LLC,
        Third-Party Defendants


                        **O R D E R**


     This multi-party construction litigation arises out of

failed contracts between the Unity School District and Scott

Vaughn and his company, Vaughn Associates (collectively,

"Vaughn").  The background facts have been described in numerous

prior orders of the court and they need not be recounted here.

At this juncture, the court need only make two observations:

first, the sole remaining claims are those Vaughn asserts

against third-party defendant Superior Walls of the Hudson

Valley, Inc. ("Hudson"); and, second, in its third-party

complaint Vaughn asserts that Hudson is "also known as" Superior

Walls by Weaver Northeast ("SW Weaver") and Superior Walls of

the Northeast, LLC. ("SW Northeast").


Pending before the court is a motion to dismiss, filed by

SW Weaver and SW Northeast.  In short, movants assert that

Vaughn has incorrectly grouped them together with Hudson as a

single entity that does business under different names.  That is

incorrect.  Instead, say movants, they are entirely distinct

entities (one is a New York limited liability company, and the

other is its "trade name" or "d/b/a") that were entitled to, but

never received, proper service of process.  And, because movants

say they were never properly served with Vaughn's third-party

complaint, they move the court to dismiss all claims against

them.  Vaughn objects.


## Discussion

Federal Rule of Civil Procedure 12(b)(5) provides for

dismissal of a claim if service of process was not properly

made.  And, "once challenged, plaintiffs have the burden of

proving proper service."  Rivera-Lopez v. Municipality of

Dorado, 979 F.2d 885, 887 (1st Cir. 1992).  When service of

process is properly challenged, "[a] return of service generally

serves as prima facie evidence that service was validly

performed."  Blair v. City of Worcester, 522 F.3d 105, 111 (1st

Cir. 2008).

     Before turning to the merits of movants' motion to dismiss,

the court notes that Superior Walls of America, Ltd. (not a

party) appears to license companies to operate local businesses

using the "Superior Walls" name (or some variation thereof).

See, e.g., Superior Walls License Agreement (document no. 160-1)

at 10-12.  That, it would seem, explains the variety of

confusing corporate names employing variations of the "Superior

Walls" element.  It may also explain Vaughn's apparent confusion

over precisely which entities it has named as defendants, and

which entities it has actually served.

     Additionally, it probably bears noting that movants do not

question (or even address) whether Vaughn properly served

Hudson.  As a distinct legal entity(s), movants have neither an

interest in, nor standing to raise, that issue.  Consequently,

it is not before the court and Vaughn has not been called upon

to demonstrate proper service upon that defendant.  But, as to

SW Northeast and SW Weaver, Vaughn does bear the burden of

demonstrating that it properly served those entities (or, at a

minimum, that it properly served SW Northeast, the actual

corporate entity).  Vaughn has failed to carry that burden.

Because Vaughn's arguments defy simple description, it is probably best to quote them as they appear in Vaughn's legal memorandum.  In support of its argument that it properly served entities known as "Superior Walls by Weaver Northeast" (SW Weaver) and/or "Superior Walls of the Northeast, LLC" (SW Northeast), Vaughn says:

> In opposition to [SW] Northeast's prior Motion to Dismiss, VAI [i.e., Vaughn] argued that it had properly served the third party complaint on [SW] Northeast.  VAI cited to the Affidavit of Michael E. Coghlan, former counsel for VAI, Docket Document No. 31, in which Attorney Coghlan recounts his efforts, in the summer of 2015, to serve the third party complaint as requested by this Honorable Court.  In his affidavit, Attorney Coghlan stated that he originally had the third party complaint served on Hudson Valley at its address in  Poughkeepsie, NY.  However, the local sheriff's department informed him that a person at Hudson Valley's address stated that Hudson Valley had been sold and was now located in Pennsylvania. Attorney Coghlan then attempted to serve Hudson Valley in Pennsylvania. Exhibit 2 to Attorney Coghlan's Affidavit (Docket Document No. 31-2) indicates that sheriff's department in Lancaster County, PA, served the third party complaint on "DOTTIE WEAVER (OWNER), WHO ACCEPTED AS 'ADULT PERSON IN CHARGE' FOR SUPERIOR WALLS BY WEAVER PRECAST, INC AT 824 EAST MAIN STREET, EPHRATA, PA 17522."  Attorney Coghlan states that subsequently an attorney for Superior Walls by Weaver Precast, Inc. ("Weaver Precast") contacted him and stated that Weaver Precast had purchased the business assets of Hudson Valley but not the business itself and provided Attorney Coghlan with an address for Hudson Valley at 111 Balsam Square, Poughkeepsie, New York.  Another filing in this lawsuit, Docket Document No. 33, is a Proof of Service indicating that the third party complaint was served on "Arthur Ackard [sic] at 111 Balsam Square, Poughkeepsie, New York." When compared to the averments made in the Affidavit of Gary Weaver attached to Weaver Northeast's Amended

> Motion, the Affidavit of Michael Coghlan <u>confirms that VAI properly served the third party complaint on [SW] Northeast</u>.

Vaughn's Opposition Memorandum (document no. 161) at 3-4 (emphasis supplied).

A more condensed version might be this: Vaughn claims to have served its third-party complaint on Hudson (twice) and a company known as "Superior Walls by Weaver Precast, Inc." (not a named defendant).  But, even looking beyond the factual error contained in that paragraph quoted above (Weaver Precast did <u>not</u> purchase the assets of Hudson), it is entirely unclear how or why Vaughn believes that service upon <u>Hudson</u> and/or service upon a company called <u>Weaver Precast</u> "confirms that [it] properly served the third party complaint on <u>[SW] Northeast</u>."

Vaughn's arguments in opposition to dismissal are confusing and rest upon assertions of its having served (or having attempted to serve) completely unrelated third parties – parties that, despite similar sounding corporate names, are <u>not</u> named defendants in this action (e.g., "Superior Walls by Weaver Precast, Inc." and "Weaver Precast, Inc.").  Moreover, Vaughn has not demonstrated that whatever entities it <u>did</u> serve are successors to, or otherwise related to, the entities named in

the complaint.  Finally, Vaughn's claims of having made service

upon individuals who were <u>not</u> <u>authorized</u> by law (or by SW

Northeast or SW Weaver) to accept service of process on their

behalf are simply off the mark (e.g., Dottie Weaver of Superior

Walls by Weaver Precast, Inc. and Arthur Ackert, Sr., of

Hudson).


  Movants, on the other hand, have introduced undisputed

evidence that:

1. <u>SW Northeast</u> in a limited liability company organized under the laws of New York.  Affidavit of Gary L. Weaver (document no. 160-1) at para. 1.  <u>See also</u> Certificate of Publication (document no. 160-1) at 8.

2. <u>SW Weaver</u> (that is, "Superior Walls by Weaver Northeast") is a trade name or "d/b/a" under which SW Northeast does business.  It is not a distinct incorporated entity.  Weaver Affidavit, at para. 2-3.  <u>See also</u> License Agreement (document 160-1) at 10.

3. Vaughn's discussion of its efforts to serve entities known as "Superior Walls by Weaver Precast, Inc." and "Weaver Precast, Inc." appear to be irrelevant.  First, those entities are not named defendants.  And, despite the similarity in names, Vaughn has shown <u>no</u> <u>relationship</u> between those entities and the movants: SW Northeast and SW Weaver.  <u>See</u> Weaver Affidavit, at paras. 21-27.

4. On December 9, 2011, SW Northeast (<u>not</u> Weaver Precast) purchased a number of assets from the defendant, Hudson.  <u>Id</u>. at paras. 6, 24.  <u>See also</u> Asset Purchase Agreement (document no. 160-1) at 14-43.

5.    That asset purchase was negotiated at arms-
      length, for fair market value, and included,
      among other things, a covenant not to compete
      executed by Hudson.  Weaver Affidavit, at paras.
      6-7.  See Agreement not to Compete (document no.
      160-1) at 54-59.

6.    Prior to closing that asset purchase, no employee
      or representative of SW Northeast (or its "d/b/a"
      SW Weaver) communicated with, or engaged in
      activities with, Vaughn or the Unity School
      District (and thus could have no pre-closing
      liability to Vaughn).  Weaver Affidavit, at para.
      14.

7.    As part of the asset purchase agreement, SW
      Northeast did not acquire any contracts between
      Hudson and Vaughn (there apparently were none).
      Nor did it acquire any of the contracts or
      customer orders between Hudson and the Unity
      School District (i.e., those related to this
      litigation and arising out of the Unity School
      District construction project).  Id. at paras. 9-
      13.

8.    As part of the asset purchase agreement, Hudson
      agreed to retain, and SW Northeast disclaimed,
      any liabilities of Hudson (other than those
      specifically disclosed, which do not relate to
      this case), whether incurred prior to or after
      the closing.  SW Northeast did not assume any
      liabilities or obligations of Hudson related to
      the Unity School District project.  See Section
      3, Asset Purchase Agreement (document no. 160-1)
      at 16-17.

9.    So, as part of that agreement, SW Northeast did
      not acquire any of Hudson's assets related to the
      Unity School District project, nor did it assume
      any of Hudson's liabilities associated with that
      project.

10.   Vaughn's arguments that it completed service upon
      SW Northeast in September of 2015 (years after
      the closing) by serving Arthur "Ackard," [sic]
      Sr., at an address in Poughkeepsie, New York, are
      without basis.  See Proof of Service (document

7

> no. 33).  Arthur Ackert, Sr. was never employed
> by SW Northeast, and SW Northeast never occupied
> that address in Poughkeepsie.  Weaver Affidavit,
> at paras. 19-20.  Rather, Arthur Ackert, Sr., was
> president of the defendant Hudson.  See, e.g.,
> Id. at 14-29 (executed by Arthur Ackert, Sr. as
> President of Hudson).

Vaughn's confusion on that latter point may stem from the fact

that, following the closing on the asset purchase agreement

between Hudson and SW Northeast, SW Northeast hired Arthur

Ackert, Jr., as one of its salaried employees.  However, Arthur

Ackert, Sr., - the man Vaughn purported to serve - was never

employed by SW Northeast (again, he was the president of the

named defendant, Hudson).  Thus, it is plain (as reflected in

the return of service) that Arthur Ackert, Sr., accepted service

of process on behalf of the company of which he was the head:

Hudson, and not SW Northeast.  See Proof of Service (document

no. 33).

## Conclusion

The facts underlying the pending motion to dismiss are

somewhat complicated, particularly given the similarity of so

many corporate names and in light of Vaughn's apparent

confusion.  But, the concept of service of process (particularly

on a domestic entity) is not a complex one.  Proving that

service was properly made on a named defendant should be

correspondingly straightforward.  On the record presented, the
bottom line is clear: Vaughn has failed to sustain its burden of
demonstrating that it properly served SW Northeast (or its
"d/b/a" SW Weaver).

For the reasons discussed, as well as those set forth in
movants' legal memoranda (documents no. 160 and 162), the
Amended Motion to Dismiss filed by Superior Walls of the
Northeast, LLC and Superior Walls by Weaver Northeast (document
no. 159) is granted and all claims advanced in Vaughn's third-
party complaint against those entities are dismissed.  Thus, the
sole remaining claims in Vaughn's third-party complaint are
those against Superior Walls of the Hudson Valley, Inc.

        **SO ORDERED.**

                                    _____
                                    Steven J. McAuliffe
                                    United States District Judge

April 20, 2020

cc:  All Counsel of Record

9